**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NICOLE WIESEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-01490-TWT- |
| | ) | RGV |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, | ) | |
| INC., and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

  **(a) Describe briefly the nature of this action.**

This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"). Plaintiff is the victim of identity theft and seeks to recover damages based on Defendants' inaccurate reporting.

Defendant Trans Union's Statement:

Plaintiff contends that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.

Defendant Experian's Statement:

This is an action filed by Plaintiff alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Defendants deny the allegations and have asserted affirmative defenses.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

In or about August 2020, Plaintiff learned that she was the victim of identity theft, and that the identify thief fraudulently used her personal identifying information on multiple occasions to apply for credit from several different financial institutions. These fraudulent credit applications were reflected on Plaintiff's credit reports as "hard inquiries," which caused Plaintiff's credit score to plummet. Plaintiff notified Defendants in writing that she was the victim of identity theft and asked that the fraudulent hard inquiries be investigated and removed from her credit report. Defendants did not investigate or remove the fraudulent hard inquiries. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the aggravation and humiliation of a poor credit score.

<u>Defendant Trans Union LLC's Statement:</u>

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's dispute as required by the FCRA, updated the information as appropriate, and timely reported the results of that investigation to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b).  Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Equifax Information Services, LLC, and/or Experian Information Solutions, Inc., or the underlying creditors Credit/South

Atlantic, Capital One Auto Financing, Credit Acceptance, DT Credit, Exeter Finance, LLC, Global Lending Service, Comenity Bank and/or Santander Consumer USA.  Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

<u>Defendant Equifax Information Services, LLC's Statement:</u>

Plaintiff claims that Equifax reported inaccurate credit information pertaining to the Plaintiff, that she disputed the alleged inaccurate information with Equifax, and that Equifax failed to conduct a reasonable investigation.  Equifax maintains that it investigated Plaintiff's dispute upon receipt, and provided the results of its reinvestigation to Plaintiff.  Equifax denies Plaintiff's claims and denies that it violated any laws.  At all times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reasonable reinvestigation of Plaintiff's dispute in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  Equifax further denies that Plaintiff can support a claim for any damages in this action.  Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

<u>Defendant Experian's Statement:</u>

This is an action for damages brought by an individual consumer against Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), for alleged violations of the FCRA.  Plaintiff alleges that Experian failed to comply with the requirements set forth in § 1681e (Compliance procedures) and § 1681i (Procedure in case of disputed accuracy) of the FCRA.

Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian.  Experian bases this statement on the facts and information currently available to it.  In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and because discovery has not yet commenced, Experian respectfully reserves the right to supplement its summary if necessary as

this case and the facts develop.

**(c) The legal issues to be tried are as follows:**

Defendants' respective violating of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

Defendant Trans Union's Statement:

1. Whether Plaintiff's Trans Union credit file contained an inaccuracy;

2. Whether any Trans Union consumer report regarding Plaintiff contained an inaccuracy;

3. Whether Plaintiff notified Trans Union of the claimed inaccuracy;

4. Whether Trans Union conducted a reasonable reinvestigation in response to the Plaintiff's dispute(s), if any;

5. Whether Plaintiff suffered any damages recoverable under the FCRA;

6. Whether Plaintiff's alleged damages were caused by an act or omission of Trans Union;

7. Whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff;

8. Whether Plaintiff's damages, if any, were caused by Trans Union;

9. Whether any failure to conduct a reasonable reinvestigation or maintain reasonable procedures was willful or negligent.

Defendant Equifax's Statement:

Equifax believes that the key legal issues in this case are (1) whether Equifax employed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports; (2) whether Equifax conducted reasonable reinvestigations of the disputed information based on the information submitted by Plaintiff; (3) whether Equifax's reporting was inaccurate; and (4) whether Plaintiff's damages, if any, can be attributed to Equifax.

Defendant Experian's Statement:

(1) Whether Plaintiff has stated any claims upon which relief may be granted;
(2) Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;
(3) Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;
(4) Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;
(5) Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;
(6) Whether Plaintiff is entitled to actual damages pursuant to the FCRA;
(7) Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;
(8) Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and
(9) Whether any party is entitled to costs or attorneys' fees.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

**___ (1) Unusually large number of parties**
**___ (2) Unusually large number of claims or defenses**
**___ (3) Factual issues are exceptionally complex**
**___ (4) Greater than normal volume of evidence**
**___ (5) Extended discovery period is needed**

\_\_\_ **(6) Problems locating or preserving evidence**
\_\_\_ **(7) Pending parallel investigations or action by the government**
\_\_\_ **(8) Multiple use of experts**
\_\_\_ **(9) Need for discovery outside United States boundaries**
\_\_\_ **(10) Existence of highly technical issues and proof**
\_\_\_ **(11) Unusually complex discovery of electronically stored information**

3.      **Counsel:**

      **The following individually named attorneys are hereby designated as**

**lead counsel for the parties:**

      Plaintiff: Misty Oaks Paxton, Moshe O. Boroosan

      Defendant Trans Union: Michael Merar, Quilling, Selander, Lownds, Winslett & Moser, P.C.

      <u>Defendant Equifax</u>: Lindsay Fleming, Seyfarth Shaw LLP

      Defendant Experian: Rebecca Nocharli, Jones Day

4.      **Jurisdiction:**

      Is there any question regarding this Court's jurisdiction?

      **\_\_\_Yes   <u>X</u>   No**

      If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties**

**anticipate will be necessary:** <u>None at this time.</u>

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

**(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b) *Summary Judgment Motions:*  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.      **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

9.      **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. <u>None at this time.</u>

10.     **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses

to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The reasonableness of each defendant's investigation, each defendant's conclusions and subsequent credit reporting, and the amount of damages suffered by Plaintiff

Defendant Trans Union LLC:

Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the Credit/South Atlantic, Capital One Auto Financing, Credit Acceptance, DT Credit, Exeter Finance, LLC, Global Lending Service, Comenity Bank and/or Santander Consumer USA inquiries, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and her creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate her alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or

discovery.

<u>Defendant Equifax:</u>
Equifax will seek discovery of materials related to (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction of Equifax; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Equifax; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate his alleged damages; (h) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (i) any discovery necessitated by pleadings and other discovery.

<u>Defendant Experian:</u>
Experian anticipates conducting discovery on the following:  (1) Facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint;  (2) Plaintiff's alleged damages;  (3) Whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Experian;  (4) Plaintiff's financial and consumer history;  (5) Any communications between Plaintiff and Experian;  (6) Any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint;  and (7) Discovery necessitated by discovery sought by Plaintiffs.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Because of the complex identity theft allegations, numerous underlying inquiries and third-parties at issue, potentially necessitating the need for extensive

third-party discovery, as well as  ongoing logistical challenges associated with the COVID-19 pandemic, the parties respectfully request a slightly enlarged 6-month discovery track.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

 None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

      X     **Yes**            **No**

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or.TIF**

files), Portable Document Format (PDF), or native), method of production (e.g.,
paper or disk), and the inclusion or exclusion and use of metadata, and have
agreed as follows:

In the absence of agreement on issues regarding discovery of
electronically stored information, the parties shall request a scheduling
conference in paragraph 9 hereof.

The parties do not anticipate any ESI preservation issues. The parties
agree that disclosure or production will be limited to nonprivileged and
relevant data reasonably available to the parties in the ordinary course of
business. Based on the nature of this case, the parties believe that producing
ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and
proportional to the needs of the case. Once the parties have had the
opportunity to review such documents, they may confer regarding any
additional exchange or production that the parties believe is necessary.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the
Federal Rules of Civil Procedure any pleadings or other papers may be
served by sending such documents by email to the primary and/or secondary
email addresses listed below (or any updated email address provided to all
counsel of record).  The parties also agree, upon request, to promptly (no
later than the second business day after the day of service) provide the
sending party with confirmation of receipt of the service by email.  The
format to be used for attachments to any email message shall be Microsoft
Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery
message is received by the sending party, that party shall promptly (within
one business day of receipt of such message) notify the intended recipient of
the message and serve the pleading or other papers by other authorized
means.

Plaintiff: mboroosan@cmlattorneys.com

Defendant Trans Union:     mmerar@qslwm.com

Defendant Equifax:        lafleming@seyfarth.com

Defendant Experian:       rnocharli@jonesday.com

**12.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**13.** **Settlement Potential:**

**(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>May 27, 2021</u> and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff    */s/ Moshe O. Boroosan*

For defendant Trans Union LLC Lead counsel (signature):  */s/ Michael Merar*

For defendant Equifax Counsel (signature): */s/ Jasmine Stanzick*

For defendant Experian: */s/ Rebecca M. Nocharli*

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed**.

(__) **No possibility of settlement**.

**(c) Counsel (_X_) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a**

magistrate judge of this Court.  A completed Consent to Jurisdiction by a

United States Magistrate Judge form has been submitted to the clerk of court

this _____ day of 20___.

     (b) The parties ( X ) do not consent to having this case tried before a

magistrate judge of this Court.

     _/s/ Misty Oaks Paxton_
THE OAKS FIRM
3895 Brookgreen Point
Decatur, Georgia 30034
Tel: (404) 725-5697
attyoaks@yahoo.com

Of Counsel:
COHEN & MIZRAHI LLP
MOSHE O. BOROOSAN (pro-hac vice forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
mboroosan@cmlattorneys.com

_Attorneys for Plaintiff_

_/s/ Michael Merar_____
**MICHAEL MERAR**
mmerar@qslwm.com
Georgia Bar No. 966038
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
6900 North Dallas Parkway, Suite 800

Plano, Texas 75024
(214) 560-5443
(214) 871-2111 Fax
**Counsel for Trans Union LLC**


_/s/ Lindsay Fleming_____
Lindsay Fleming
Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-6764
Email: lafleming@seyfarth.com
*Attorney for Equifax Information Services, LLC*

/s/ *Rebecca M. Nocharli*
Rebecca M. Nocharli
(Georgia Bar No. 633621)
Jones Day
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
rnocharli@jonesday.com
**Counsel for Defendant Experian Information Solutions, Inc.**

* * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form.

**IT IS SO ORDERED, this _____ day of _____, 2021.**

_____
United States District Judge